*United States Securities and Exchange Commission v. O'Brien*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-one.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           DENNY CHIN,
                     *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,
                     *Plaintiff-Appellee,*


           -v-                                        20-37-cv

JAMES DAVID O'BRIEN,
                     *Defendant-Appellant.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLEE:          ERIC A. REICHER, Special Trial Counsel
                                 (Melinda Hardy, Assistant General Counsel, *on the brief*), Securities and Exchange Commission, Washington, D.C.

FOR DEFENDANT-APPELLANT: JOHN M. HANAMIRIAN, Hanamirian Law Firm, P.C., Moorestown, New Jersey.

Appeal from the United States District Court for the Southern District of New York (Katherine Polk Failla, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant James David O'Brien appeals the district court's order entered December 27, 2019, granting the motion of plaintiff-appellee the Securities and Exchange Commission (the "Commission") to enforce a 2019 subpoena. O'Brien argues that he need not comply with the subpoena because it was issued in breach of a proffer agreement entered into between him and the Commission in August 2018. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

On May 8, 2018, the Commission issued a subpoena to O'Brien requiring him to provide documents and testimony regarding a market-manipulation investigation. On July 12, 2018, the Commission sent O'Brien a proffer agreement, which O'Brien signed on August 21, 2018 (the "Proffer Agreement"). The Proffer Agreement provided the following "terms of the August 21, 2018 meeting between [O'Brien] and the . . . Commission":

> (2) This Agreement only covers statements provided by you during the Meeting. It does not cover statements provided,

2

including statements made, at any other time, regardless of format (e.g., oral, written, or recorded).

(3) The Commission's staff will not use any statements provided by you during the Meeting, except for the following purposes:

> (a) To obtain other evidence, which may be used against you and others;

. . . .

(6) You agree that there are no other promises or understandings applicable to the Meeting, and that none will be entered into unless in writing and signed by the parties to this Agreement.

J. App'x at 78-79.

On May 15, 2019, the Commission issued a second subpoena to O'Brien (the "2019 subpoena"). O'Brien did not appear to testify pursuant to the 2019 subpoena.

On October 18, 2019, the Commission filed an application for an order to show cause and for an order compelling O'Brien to comply with the 2019 subpoena. The district court issued an order to show cause that same day. After receiving two rounds of briefing and holding a hearing, the district court ordered O'Brien to comply with the subpoena. The district court concluded that the Proffer Agreement did not preclude the Commission from taking O'Brien's testimony pursuant to the 2019 subpoena, and it found that the Commission had not acted in bad faith. This appeal followed.

We review a district court's decision to enforce or quash a subpoena for abuse of discretion. *McLane Co. v. E.E.O.C.*, 137 S. Ct. 1159, 1167 (2017), *as revised* (Apr. 3, 2017); *E.E.O.C. v. United Parcel Serv., Inc.*, 587 F.3d 136, 140 (2d Cir. 2009) (Newman, J., concurring); *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 168 (2d Cir. 2003). "[O]ur review of the district court's determination that the government did not breach the Proffer Agreement is *de novo*." *United States v. Liranzo*, 944 F.2d 73, 77 (2d Cir. 1991).

We agree with the district court that the testimony the Commission sought in the 2019 subpoena was not precluded by the Proffer Agreement. "[P]roffer agreements[] are interpreted according to principles of contract law," and "[w]here the language of a contract is unambiguous," our review is based on "the four corners of the contract." *Id.* The Proffer Agreement provided, among other things, that (1) it "only cover[ed] statements provided by [O'Brien] during the Meeting" and "[did] not cover statements provided, including statements made, at any other time, regardless of format (e.g., oral, written, or recorded)," and (2) statements made during the proffer session could be used "[t]o obtain other evidence, which may be used against [O'Brien]." J. App'x at 78. Accordingly, the Proffer Agreement was unambiguous -- it immunized O'Brien only for statements made at the proffer session, and there was nothing in it that prevented the Commission from subpoenaing O'Brien again to testify.

O'Brien argues that we should disregard the plain language of the Proffer Agreement because he understood it to cover all future testimony regarding the same

4

set of facts, and that otherwise he never would have signed it. We reject this argument.

First, the Proffer Agreement has an integration clause, which provided that "there [we]re no other promises or understandings applicable to the Meeting, and that none will be entered into unless in writing and signed by the parties to this Agreement." J. App'x at 79. Second, O'Brien's allegation that the Commission breached his implicit understanding of the Proffer Agreement is insufficient to demonstrate that the Government breached the unambiguous contract. *See United States v. Altro* (*In re Altro*), 180 F.3d 372, 376 (2d Cir. 1999) (in plea agreement context, "a defendant may not rely on a purported implicit understanding in order to demonstrate that the Government is in breach").

O'Brien also argues that the Commission acted in bad faith and thus breached the Proffer Agreement. Specifically, he states that he

> does not dispute the authority of the Commission to issue a subpoena, but rather, asserts that the issuance of the May 2019 Subpoena in the context of the existence of the May 2018 Subpoena and the Proffer Agreement, stemming from the issuance of the May 2018 Subpoena, was an act of bad faith breach of the Proffer Agreement.

Appellant's Reply Br. at 10-11. In other words, O'Brien is not disputing that the Commission had the authority to issue the 2019 subpoena, but instead he is asserting that the Commission's issuance of the 2019 subpoena breached the Proffer Agreement. But because the Proffer Agreement did not apply to the 2019 subpoena, this argument does not help O'Brien. Even assuming that by issuing the 2019 subpoena the

5

Commission breached the Proffer Agreement, O'Brien has not argued that there is any basis to find that the proper remedy for that breach would be the quashing of the subsequent, undisputedly lawful 2019 subpoena.  Accordingly, we are not persuaded that even if the Commission breached the Proffer Agreement by acting in bad faith, it would shield O'Brien from testifying pursuant to the 2019 subpoena.

\*   \*   \*

We have considered O'Brien's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk